IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GUY ARBUCKLE, *et al.*,

        Plaintiff,

  v.

TOWN OF SANBORN and
WISCONSIN DEPARTMENT OF REVENUE,

        Defendant.

ORDER

18-cv-611-jdp

---

LAC COURTE OREILLES BAND OF LAKE
SUPERIOR CHIPPEWA INDIANS OF
WISCONSIN, LAC DU FLAMBEAU BAND OF
LAKE SUPERIOR CHIPPEWA INDIANS OF
THE LAC DUE FLAMBEAU RESERVATION OF
WISCONSIN,
RED CLIFF BAND OF LAKE SUPERIOR
CHIPPEWA INDIANS OF WISCONSIN, and
BAD RIVER BAND OF LAKE SUPERIOR TRIBE
OF CHIPPEWA INDIANS OF THE BAD RIVER
RESERVATION, WISCONSIN,

        Plaintiffs,

  v.

SCOTT WALKER, RICHARD C. CHANDLER,
TOWN OF BASS LAKE, TOWN OF HAYWARD,
TOWN OF LAC DU FLAMBEAU,
TOWN OF SANBORN, TOWN OF RUSSELL,
TOWN OF ASHLAND, TOWN OF WHITE
RIVER, TOWN OF GINGLES, TOWN OF
BOULDER JUNCTION, TOWN OF MERCER,
TOWN OF SHERMAN, SCOTT ZILLMER,
WILLIAM MIETZINGER, MICHAEL
SCHNAUTZ, CLAUDE RIGLEMON,
ASSOCIATED APPRAISAL CONSULTANTS,
INC., PAUL CARLSON, and JENNIE MARTEN,

ORDER

18-cv-992-jdp

Defendant.

Plaintiff Guy Arbuckle and 41 other members of the Bad River Band of Lake Superior Chippewa Indians Tribe filed suits against the Town of Sanford, alleging that the town illegally assessed taxes against their property in violation of an 1854 treaty between the tribe's predecessor and the United States government. Case no. 18-cv-611, Dkt. 1-1. The court consolidated the cases, *id.*, Dkt. 4, and the Wisconsin Department of Revenue moved to intervene. *Id.*, Dkt. 11.

Several months after the court consolidated the Sanborn cases, four Native American tribes, including the Bad River Band, filed a lawsuit seeking declaratory relief against several townships in Wisconsin, including the Town of Sanborn, and several state government officials, including the secretary of the Department of Revenue. Case no. 18-cv-992, Dkt. 1. Like the plaintiffs in the Sanborn cases, the tribes claim that defendants have assessed taxes in violation of the 1854 treaty.

The cases have overlapping parties, and both boil down to the same legal issue. Because it would be inefficient to have two separate cases, the parties have December 27, 2018 to respond to this order and indicate whether (1) the cases should be consolidated or (2) the court should stay the '992 case.

ORDER

IT IS ORDERED that the parties have until December 27, 2018 to indicate whether the court should stay Case no. 18-cv-992 or consolidate it with Case No. 18-cv-611.

Entered December 11, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge