IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAC COURTE OREILLES BAND OF LAKE
SUPERIOR CHIPPEWA INDIANS OF
WISCONSIN, LAC DU FLAMBEAU BAND OF
LAKE SUPERIOR CHIPPEWA INDIANS OF
THE LAC DUE FLAMBEAU RESERVATION OF
WISCONSIN,
RED CLIFF BAND OF LAKE SUPERIOR
CHIPPEWA INDIANS OF WISCONSIN, and
BAD RIVER BAND OF LAKE SUPERIOR TRIBE
OF CHIPPEWA INDIANS OF THE BAD RIVER
RESERVATION, WISCONSIN,

                Plaintiffs,

v.                                                 ORDER

TONY EVERS, PETER BARCA,                   18-cv-992-jdp
TOWN OF BASS LAKE, TOWN OF HAYWARD,
TOWN OF LAC DU FLAMBEAU,
TOWN OF SANBORN, TOWN OF RUSSELL,
TOWN OF ASHLAND, TOWN OF WHITE
RIVER, TOWN OF GINGLES, TOWN OF
BOULDER JUNCTION, TOWN OF MERCER,
TOWN OF SHERMAN, SCOTT ZILLMER,
WILLIAM MIETZINGER, MICHAEL
SCHNAUTZ, CLAUDE RIGLEMON,
ASSOCIATED APPRAISAL CONSULTANTS,
INC., PAUL CARLSON, and JENNIE MARTEN,

                Defendants.

---

      Plaintiffs, all federally recognized Indian tribes, filed this suit against several Wisconsin municipalities and Wisconsin state and municipal government officials. The tribes contend that an 1854 treaty between the tribes' predecessor and the United States government bars the

collection of Wisconsin property taxes on reservation land, and they seek an injunction to enjoin the collection of further taxes.

Two of the defendants, the Town of Ashland and its tax assessor, William Metzinger, did not file a response to the tribes' complaint. On January 24, 2019, the clerk entered default against both defendants. Now, Ashland and Metzinger move to set aside the entry of default and extend the deadline for filing an answer. Dkt. 56; *see also* Dkt. 62 (proposed answer). They represent that although plaintiffs served Ted White, Ashland's town chairman, White did not understand the significance of the summons and failed to forward it to the town board or Metzinger. The town board did not learn about the lawsuit until January 19 (more than six weeks after service), and Metzinger did not learn about the lawsuit until after the clerk entered default.

Under Federal Rule of Civil Procedure 55(c), the court may set aside an entry of default for "good cause." The tribes say that defendants have not shown good cause for their delay, because the town chairman is statutorily designated to accept service on behalf of these defendants and because defendants did not respond quickly enough after entry of default. But Rule 55(c) requires "good cause" for the judicial action, not "good cause" for the defendant's error. *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). As Ashland and Metzinger argue, the nature of this case, and the need for uniform application of Wisconsin's tax laws, constitute good cause for granting the motion. Plaintiffs seek only injunctive and declaratory relief. If the court were to grant default judgment against the Ashland and Metzinger and order such relief, it would run the risk that the injunction will conflict with later decisions that have state-wide applicability. This argument is further bolstered by the response from the state government defendants, Dkt. 75, who indicate that although they do not take a position on

the current motion, they would oppose any motion for default judgment against Ashland or Metzinger.

Plaintiffs do not respond to these arguments. Nor do they explain how they will be prejudiced if the court sets aside the entry of default. The court will not punish the town of Ashland for the carelessness of its town chairman, especially when a consistent, efficient, state-wide resolution is in the best interests of all concerned. The court will grant the motion to set aside entry of default, and it will accept the answer filed by Ashland and Metzinger.

One last point, the expense to the parties of resolving this relatively minor issue was driven up by flimsy allegations of professional misconduct and overwrought responses to those allegations. Counsel are reminded that the parties are not spending their own money on this case.

ORDER

IT IS ORDERED that defendants Town of Ashland and William Metzinger's motion to set aside default and for an extension of time to file an answer, Dkt. 56, is GRANTED.

Entered April 4, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge